McKinney, J.,
delivered the opinion of the court.
The plaintiff in error was convicted, in the common law court of the City of Memphis, of petit larceny, and sentenced to one year’s imprisonment in the Penitentiary.
It was proved, on the trial, that he is “a negro of black com-plexionbut the indictment is wholly silent as to his color or condition, and there is nothing in the record to show whether, in point of fact, he is a free man or slave.
The court was requested to instruct the jury, that, from the proof of'the prisoner’s color, he was prima facie a slave, and, therefore, the cour.t had not jurisdiction of the case. His *412 Honor refused to give this instruction, and held, "that no such question could be raised on the plea of not guilty — that to raise the question, it should have been plead to the jurisdiction, and without such plea there could be no question made as to the color, freedom, or slavery of the prisoner.”
, By the G9th section of our penal code, slaves are expressly excluded from its provisions. The exclusive jurisdiction of offences, not capital, committed by slaves, is vested, by the act of 1815, ch. 138, in a special tribunal, consisting of three justices and nine freeholders and slaveholders. The circuit court, then, having no jurisdiction of the crime of larceny, committed by a slave; and there being nothing averred in the indictment, or adduced in evidence, to show whether the prisoner was a free person of color or a slave, — the question is, what effect ought to have been given to the fact proved, that “he is a negro of black complexion?”
In a community where the almost universal condition of the black man is that of slavery, and where his complexion indicates his social condition with almost as infallible certainty as it does his race, his color is to be regarded, in the absence of all other evidence, as prima facie proof of slavery. This presumption is of general application, and in this, as in other cases, is to stand until repelled by proof; and not being rebutted, the court ought — for all the purposes of this particular case — to have acted upon it.
This being so, there was an utter want of jurisdiction. The jurisdiction is excluded by positive law; and no plea was necessary to raise this question. The court was bound to see that it had jurisdiction; and no act, omission, or consent on the part of the prisoner, could confer jurisdiction in such a case.
2d. An objection was made to the competency of the prosecutor, John Edgar, to testify as a witness. It appears that he was sworn on the voir dire, and on being interrogated by the *413 defendant’s counsel, as to bis religious belief, stated, “that he did not believe in a state of future rewards and punishments after death; and that the only punishment inflicted, for wrongs in this life, was the pangs of conscience; but he believed in the existence of a God, he also believed the Bible.”
The coui’t held him to be a competent witness; and in this there is no error. The statement of the witness as respects a future state of punishments, is neither very intelligible, nor consistent. As we understand it, however, he means not to disavow, but on the contrary, distinctly to affirm, his belief in such a future state; but entertains an opinion different from many persons as to the nature of the punishment — an opinion in which he is by no means singular.
Judgment reversed.